## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RONALD DUNLAP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:26-cv-04706 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| METRO PCS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Plaintiff's Complaint, [1], is dismissed with prejudice for frivolousness. Accordingly, Plaintiff's application for leave to proceed *in forma pauperis*, [4], and motion for attorney representation, [5], are denied as moot.

### DISCUSSION

#### A. IFP Motion and § 1915(e)(2)(B) Review

To allow a litigant to proceed *in forma pauperis* ("IFP"), or to bring suit without paying filing fees and costs, a court must determine: (1) whether the litigant is financially incapable of bearing the costs associated with initiating the action; and (2) whether the action satisfies 28 U.S.C. § 1915(e)(2)(B) muster.

For the first determination, "28 U.S.C. § 1915(a) grants indigent persons meaningful access to federal courts by allowing them to bring suit without paying filing fees and costs." *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 756 (7th Cir. 1988). A plaintiff is required to submit an affidavit demonstrating that their poverty status prevents them from "simultaneously paying the administrative fees to commence the lawsuit and providing the necessities of life for [themselves] and [their] dependents." *See McRoyal v. Commonwealth Edison Co.*, No. 05 C 5624, 2006 WL 8461726, at *1 (N.D.

1

Ill. June 23, 2006) (Manning, J.). Plaintiff failed to submit an affidavit demonstrating his poverty status. After requesting further information from Plaintiff at his June 1, 2026, hearing, however, the Court determines Plaintiff is financially incapable of bearing the costs associated with initiating the action. Plaintiff testified that he is currently unhoused and has not worked since at least 2024, if not earlier. Plaintiff also testified his only income arises from monthly payments through the Supplemental Nutrition Assistance Program. Despite the insufficiency of Plaintiff's initial applications, based on Plaintiff's testimony, the Court finds that Plaintiff has met the requirements to proceed *in forma pauperis*.

For the second determination, the 28 U.S.C. § 1915(e)(2)(B) review, a court may dismiss a complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Courts reviewing complaints under § 1915(e)(2) apply the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017), 1 cert. denied, 138 S. Ct. 739 (2018). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). During this review, a court is obliged to construe a *pro* se litigant's pleadings liberally. *See Calhoun v. Detella*, 319 F.3d 936, 943 (7th Cir. 2003).

Plaintiff alleges that Metro PCS "sabotag[ed] [his] phone bill, along with the FBI" to give him a "sex offender[s] number," that "Obama and Donald Trump's corruption [was] bestowed upon him," and that he "was illegally microchipped" "against his will" "2 times." Plaintiff's complaint further seeks "60% of Metro PCS's company" and "$100 billion in restitution damages." Even construing Plaintiffs claims liberally, all of his allegations either fail to state a claim, fail to identify a valid cause

2

of action, or both. The Court finds that the allegations are nonsensical and frivolous, unsupported, and insufficient to establish any basis for liability against Metro PCS.

While Plaintiff meets the requirements to proceed *in forma pauperis*, his Complaint does not pass 28 U.S.C. § 1915(e)(2)(B) muster. Accordingly, the Court dismisses Plaintiff's Complaint, with prejudice, since any amendment would be futile in light of the irrational nature of Plaintiff's claims. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where . . . the amendment would be futile.'").

### B. Motion for Attorney Representation

Because Plaintiff's Complaint is dismissed with prejudice, Plaintiff's application for leave to proceed *in forma pauperis* and motion for attorney representation are denied as moot.

## CONCLUSION

For the reasons stated herein, Plaintiff's Complaint is dismissed with prejudice for frivolousness [1]. Accordingly, Plaintiff's IFP application [4] and Plaintiff's motion for attorney representation [5] are denied as moot.. Civil case terminated.

**IT IS SO ORDERED.**

Date: 6/2/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

3